UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6:  05-10-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LARRY EDWARD CAREY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Larry Carey's motion to reduce the length of his imprisonment pursuant to 18 U.S.C. § 3582(c)(2).  [Record No. 102]  On November 7, 2005, Carey was sentenced to a term of incarceration of 160 months following his conviction on various drug conspiracy charges.  [Record No. 91]  Carey contends that this sentence should be reduced as a result of the recent changes to the United States Sentencing Commission's drug tables in the United States Sentencing Guidelines.  However, for the reasons explained below, Carey's motion will be denied.[1]

---

[1]      The Court has also determined that appointment of counsel is not necessary.  Further, this matter need not be scheduled for hearing to resolve the defendant's motion.  There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).

A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual.  As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011).  Instead, the district court has discretion to determine whether appointment of counsel is warranted.  Where, as here, the record and information possessed by the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.

On January 27, 2005, a six-count Indictment was returned against Carey and two other defendants.  [Record No. 1]  Specifically, Carey was charged with: conspiring to distribute pills containing oxycodone, a Schedule II substance; conspiring to distribute pills containing hydrocodone, a Schedule III substance; conspiring to distribute pills containing alprazolam, diazepam, and clonazepam, Schedule IV controlled substances; possessing a firearm in furtherance of a drug trafficking crime; and two forfeiture counts.  [*Id.*]  Carey pleaded guilty to the charges on July 20, 2005.  [Record No. 51]  Paragraph 3 of Carey's written Plea Agreement describes his role in the offenses.  It states:

> (a) Rx Discount Pharmacy was burglarized by three subjects on October 6, 2004.  Middlesboro Police Department and DEA conducted an investigation after receiving a tip that the defendant, Larry Carey was involved.  Agents interviewed Carey and obtained his confession that he[,] Donald Hobart Phelps and Ronald E. Boyd agreed to break into the pharmacy and split the drugs between them.  Carey led agents to a place near the residence where officers found a large bag buried with thousands of schedule II, III, and IV pills.  Two witnesses were interviewed who stated they witnessed Carey frequenting the place where the drugs were found several times carrying a shovel and a shotgun or pistol.  Carey told the witnesses that he would "kill anyone caught near the drugs".  Agents obtained a video from the pharmacy which depicted three subjects entering the pharmacy and removing the narcotics of which the defendant, Larry Carey, identified himself, the defendant, Ronald E. Boyd and Donald Hobart Phelps in the video.  Upon the arrest of Ronald E. Boyd and after Miranda, Boyd admitted to the pharmacy burglary and that he assisted Donald Phelps and Larry Carey, aka Duke.  Boyd further stated that the defendants planned the burglary together and that they used Boyd's Mustang in the crime.
>
> (b) The officers recovered from the residence of the defendant, Larry Carey, a quantity of narcotic pills, $2,110.00 in currency and a 12 gauge New England shotgun and Rossi .38 caliber revolver.  The pharmacy reported a total inventory loss from the burglary of 58,368 units of schedule II, III and IV substances.

[Record No. 87, p. 2]

At Carey's sentencing hearing on November 7, 2005, the Court considered the factors set forth under 18 U.S.C. § 3553, including: the seriousness nature of the offense, the history and characteristics of the defendant, the detrimental impact such crimes have on the public, Carey's need for rehabilitation from drug addiction, and the need for adequate general and specific deterrence to future criminal conduct.  [Record No. 91]  In conjunction with these factors, the Court reviewed the defendant's Presentence Investigation Report ("PSR"). Carey's Base Offense Level was 30 under the United States Sentencing Guidelines.  [PSR, p. 13]  Based on Carey's previous criminal history, including numerous charges of theft, burglary, and receipt of stolen goods, he was placed in Criminal History Category VI.  [*Id.*, p. 40]  He received an adjustment for acceptance of responsibility pursuant to U.S.S.G. §3E1.1.  As a result, Carey's Total Offense Level was 27 and his non-binding guideline range for imprisonment was 130 – 162 months, followed by a consecutive term of 60 months for the gun offense.  [*Id.*, p. 36]  The United States moved for a downward departure from the guideline range pursuant to U.S.S.G. § 5K1.1 as a result of Carey's assistance to the authorities.  [Record No. 91]  After applying the reduction to tor guideline range for the drug counts, Carey received a total sentence of 160 months of incarceration (100 months on Count 1, 60 months on Count 2, and 36 months on Count 3, with those terms to run concurrently, and a consecutive term of 60 months on Count 5) and was ordered to pay restitution.  [*Id.*]

Based on the facts summarized above, the Court continues to believe that the sentence originally imposed is sufficient but not greater than necessary to meet all the statutory goals included in 18 U.S.C. § 3553(a).  Given the Defendant's extensive criminal history, the Court finds that a shorter term of imprisonment would not sufficiently deter Carey from similar criminal conduct in the future.  Further, the term of incarceration imposed in 2005

reflects an already-reduced sentence as a result of Carey's assistance to the United States. Any further reduction would unduly diminish the seriousness of Carey's criminal conduct and fail to satisfy the remaining statutory factors.  Accordingly, it is hereby

**ORDERED** that the Defendant Larry Carey's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) [Record No. 102] is **DENIED**.

This 14th day of January, 2015.



Signed By:

*Danny C. Reeves*

United States District Judge